IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CLEVELAND WINTSON KILGORE, JR.   *
#09441-007

        *

Plaintiff

        *

v                                                                     Civil Action Case No. RDB-10-1768

        *

ROD J. ROSENSTEIN, U.S. Attorney
BARBARA SKALLA, Assistant U.S. Attorney   *
MICHELLE WALLS SARTORI, Assistant
  U.S Attorney,                             *
UNIDENTIFIED SECRET SERVICE
  OFFICERS                                 *
UNITED STATES OF AMERICA

Defendants                               *

## MEMORANDUM OPINION

Cleveland Kilgore brings this pro se civil rights Complaint for damages, alleging that Defendants Rod Rosenstein, United States Attorney for the District of Maryland, Barbara Skalla, Assistant United States Attorney, Michelle Walls Sartori, Assistant United States Attorney, Unidentified Secret Service Officers, and the United States illegally seized his three cars by "fraud, deceit, and misrepresentation." Complaint. Kilgore, an inmate at the Federal Correctional Complex, Coleman, filed this action in the United States District Court for the Middle District of Florida and it was transferred here. After careful review of the Complaint and applicable law, the Court will DENY relief and DISMISS the case with prejudice.

### Background

Kilgore was convicted of various counts of bank fraud, aggravated identity theft, and aiding and abetting in *United States of America v. Cleveland Kilgore*, Criminal No. 06-115 (D. Md). His convictions were entered pursuant to a jury's verdicts. On December 15, 2006, the

Court sentenced Kilgore to a total of one hundred forty-nine (149) months to be followed by five (5) years of supervised release. Kilgore was also directed to pay restitution of $ 269,930. By separate Orders, Court ordered liquidation of a 1996 Lexus LS 400, Vin #JT8BH22F5T0044545; a 1996 Mercedes Benz E320, VIN #WBDJF55F9TJ016675; and a 1998 Mercedes Benz CL500, Vin #WDBGA70G5WA4000512, with disbursement of proceeds to go toward the restitution.

## Standard of Review

Federal district courts are required to review "any complaint in a civil action in which a prisoner seeks redress from a governmental entity." 28 U.S.C. § 1915A(a). A court must either "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint. . . fails to state a claim upon which relief may be granted…. or seeks monetary relief from a defendant who is immune from such relief" 28 U.S.C. § 1915A(b)(1) and (2). A complaint should be dismissed "if it does not allege enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 570(2007)). In evaluating a complaint, a court "will construe the factual allegations 'in the light most favorable to the plaintiff.'" *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991) (quoting *Battlefield Builders v. Swango*, 743 F.2d 1060, 1062(4th Cir. 1984)). Mindful that Kilgore is proceeding pro se, the court has construed the complaint liberally. However, even when considered under this less stringent standard, the amended § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir.1990).

**Discussion**

Kilgore is requesting damages for the three vehicles, that were forfeited by judicial order with proceeds to go toward payment of restitution. To the extent that Kilgore is seeking damages under §1983 for an allegedly improper conviction and sentence, including forfeiture, his claim must be dismissed because judgment in his favor would "necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (no damages for alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless claimant proves the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus). Further, Kilgore's claims against Defendants Rod Rosenstein, Barbara Skalla, and Michelle Walls Sartori, arise out of their duties as federal prosecutors and they enjoy immunity from liability for such actions. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). For these reasons, the Complaint will be denied and the case dismissed with prejudice by separate Order.

August 2, 2010
Date

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE